UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT DESMOND RIDER,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE CONTROLLER; UNCLAIMED PROPERTY DIV.,<br><br>            Defendants. | No.  2:23–cv–2556–DJC–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). However, the court is not required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's complaint alleges that "the California State Controller's Office (Unclaimed Property Division) has wrongfully misinterpreted funds in my name, that proves [Controller] Cohen represented them in documentation with a quote 821 dollars less than in

1  actuality (21 shares) . . . I received notification on 10/1/23.  I went online and retrieved
2  information that indicated the proper amount and property number [omitted] . . . No transcript has
3  been sent out . . . 821 dollars (21 shares) have been taken from my account that is money
4  bestowed upon me by my late mother."  The complaint's sole source of law relied upon is 12
5  U.S.C. §216(b); plaintiff seeks compensatory and punitive damages.  (See ECF No. 1.)
6      Plaintiff's complaint does not allege sufficient facts from which the court can draw a
7  reasonable inference that a claim exists here.  The statute plaintiff cites, 12 U.S.C. § 216(b), does
8  not provide the remedy plaintiff seeks, as this portion of the U.S. Code addresses the powers of
9  the federal government under the National Bank Act.  See, e.g., State v. Bowsher, 734 F. Supp.
10 525, 541 (D.D.C. 1990) ("The purpose of . . . 12 U.S.C. § 216, et seq., was to dispose of
11 unclaimed property in the possession, custody or control of the Comptroller of the Currency []
12 acquired from receivers of national banks that failed before and during the pre-WWII
13 Depression."); F.D.I.C. v. Rocket Oil Co., 865 F.2d 1158, 1161 (10th Cir. 1989) ("The
14 congressional purpose in enacting the National Bank Act was to equitably distribute the assets of
15 the insolvent bank.").  Thus, this claim in the complaint must be dismissed.  Nevertheless, in light
16 of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege
17 additional facts to state a claim, the court finds it appropriate to grant plaintiff an opportunity to
18 amend the complaint.  See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the
19 court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if
20 it appears at all possible the defects can be corrected).
21      If plaintiff elects to file an amended complaint, it shall be captioned "First Amended
22 Complaint"; be limited to 5 pages; state the full facts concerning the specific actions taken by
23 Controller's office regarding the stocks; and cite the source(s) of law relied on that support a
24 cognizable claim in federal court.  Should plaintiff have documentation from the Controller's
25 office, he may attach it (and this documentation may extend beyond the 5 page limit).  The
26 amended complaint shall be filed within 28 days of this order.
27      Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order
28 to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, prior complaint(s) no longer serve any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint.[2] If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED; and
2. Plaintiff is granted 28 days from the date of this order to file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice. Failure to do so may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: December 8, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ride.2556

---

[2] While the court lacks the full scope of facts at this time to determine the basis of plaintiff's claims, it appears his complaint concerns the California State Controller's valuation or possession of some of plaintiff's stock. If plaintiff intends to assert that this stock should be returned, valued differently, etc., it would appear his remedy lies in state administrative procedures and state court. First, plaintiff has appeal rights within the state office. See "Unclaimed Property Owner Bill of Rights" (www.sco.ca.govFiles-UPDguide_poa_billofrights.pdf). Second, Cal. C.C.P. § 1541 provides for judicial action on a determination by the Controller.

Unless the court misconstrues plaintiff's claim here, plaintiff is advised that claims such as these are state law matters and do not present a federal question. 28 U.S.C. § 1331. Further, given the value of the property, this would not appear to trigger a federal court's diversity jurisdiction. See 28 U.S.C. § 1332 (requiring, among other things, damages exceeding $75,000 for diversity jurisdiction). In other words, any administrative appeal would need to go through the Controller's office, and any claim under Cal. C.C.P. § 1541 would need to be filed in California Superior Court. Plaintiff should consider this when deciding whether to amend his complaint here, or to dismiss without prejudice so he can pursue his remedies elsewhere.