UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT DESMOND RIDER,<br><br>         Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE CONTROLLER; UNCLAIMED PROPERTY DIV.,<br><br>         Defendants. | No. 2:23–cv–2556–DJC–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE |

Plaintiff, who proceeds without counsel in this action, previously requested leave to proceed in forma pauperis ("IFP"), which the court granted.[1] (ECF Nos. 2, 3.) However, after a screening of the complaint (see 28 U.S.C. § 1915), the undersigned found plaintiff failed to state a claim for relief available in this court, as plaintiff relied solely on 12 U.S.C. §216(b) (the National Banking Act) in attempting to state a claim. (ECF No. 3.) As the undersigned could not say plaintiff had no claim based on the limited record before the court, plaintiff was granted leave to amend. (Id.) Plaintiff filed a "Supplement" on December 19, 2023, which the undersigned construes as plaintiff's first amended complaint ("1AC"). (ECF No. 4.) Therein, plaintiff states the factual allegations in the original complaint are complete; he asserts a claim under the Fourth Amendment. For the reasons that follow, this case should be dismissed with prejudice.

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). However, the court is not required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Plaintiff alleged in the original complaint that "the California State Controller's Office (Unclaimed Property Division) has wrongfully misinterpreted funds in my name, that proves [Controller] Cohen represented them in documentation with a quote 821 dollars less than in

2

1 actuality (21 shares) . . . I received notification on 10/1/23. I went online and retrieved
2 information that indicated the proper amount and property number [omitted] . . . No transcript has
3 been sent out . . . 821 dollars (21 shares) have been taken from my account that is money
4 bestowed upon me by my late mother." (See ECF No. 1.) In the 1AC, plaintiff reaffirms these
5 statements, alleging the 21 shares were initially valued at $834.37, but when plaintiff received his
6 quote from the office, they were valued much lower. Plaintiff reasserts his request for
7 compensatory and punitive damages against the Controller's office. (ECF No. 4.)

8       Plaintiff's amended complaint fails to state a claim on which relief may be granted. The
9 Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses,
10 papers, and effects, against unreasonable searches and seizures." However, this right is based on
11 an individual's reasonable expectation in privacy, and it has long been the law that there is no
12 reasonable expectation of privacy in abandoned property. See Abel v. United States, 362 U.S.
13 217, 241 (1960) (Warrantless seizure of items abandoned in hotel wastepaper basket did not
14 violate 4th Amendment—defendant had already checked out and "[t]here can be nothing
15 unlawful in the Government's appropriation of [ ... ] abandoned property."). Under plaintiff's
16 telling, the state of California came into possession of abandoned stocks that it now has made
17 available to the rightful owner through statutory procedures (see Cal. C.C.P. §§ 1500, et. seq.).
18 Thus, even if plaintiff identified an individual officer who allegedly seized the stocks while
19 abandoned, no Fourth Amendment claim can lie here.

20       Previously, the court granted plaintiff leave to amend. See Lopez, 203 F.3d at 1130-31.
21 The undersigned now recommends leave to amend be denied. Cahill, 80 F.3d at 339 (reminding
22 that if amendment would be futile, no leave to amend need be given). The 1AC states plaintiff's
23 allegations are based on information he received from the Controller's office, as stated in the
24 original complaint. Thus, no new facts appear to be alleged, and the court bases its
25 recommendation on what plaintiff has previously stated in his filings.

26       In the court's first screening order, the undersigned noted that "[i]f plaintiff intends to
27 assert that this stock should be returned, valued differently, etc., it would appear his remedy lies
28 in state administrative procedures and state court, as he has appeal rights within the state office or

in state court." See "Unclaimed Property Owner Bill of Rights" (www.sco.ca.govFiles-UPDguide_poa_billofrights.pdf); Cal. C.C.P. § 1541.  Neither of these kinds of claims would present a federal question, as the remedy provided is based on state law (see 28 U.S.C. § 1331), and given the value of the property, any state law claim for damages would not trigger the federal court's diversity jurisdiction (see 28 U.S.C. § 1332, requiring, among other things, damages exceeding $75,000 for diversity jurisdiction).  Additionally, courts in this district have found that because California provides for and utilizes post-escheat remedies, other kinds of Constitutional violations fail as a matter of law.  See Taylor v. Westly, 402 F.3d 924 (9th Cir. 2005) ("The state's Eleventh Amendment immunity from suit against it for damages payable from the treasury has no application to escheated property and sales proceeds from escheated property."); see also, e.g., Taylor v. Chiang, 2012 WL 12842783, *3 (E.D. Cal. Nov. 14, 2012) ("[P]laintiffs have failed to state a claim for a violation of any right under the Due Process Clause . . . or 42 U.S.C. section 1983 based on the Controller's alleged failure to provide post-escheat remedies other than those provided by section 1540 of the Code of Civil Procedure[.]").

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that the action be DISMISSED WITH PREJUDICE; and the Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 27, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ride.2556